## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL ACTION NO. 17-208-6** |
| | : | |
| **REGINALD WHITE** | : | |

---

**McHUGH, J.**                                                                                  **April 3, 2025**

### MEMORANDUM

Petitioner Reginald White stands convicted of conspiracy to distribute crack cocaine and having exhausted direct appeals now moves pro se for relief under 28 U.S.C. §2255.  He asserts two grounds, but because I can discern no merit in either, his motion must be denied.

Mr. White first alleges that his counsel was ineffective both at trial and on appeal for failing to object to testimony from case agents that summarized evidence for the purpose of establishing the amount of drugs each member of the conspiracy should be convicted of distributing.  I find this argument puzzling, as all defense counsel strenuously objected to this evidence at trial, leading the Court to conduct a lengthy hearing analyzing the validity of the agents' calculations before permitting the jury to hear the testimony. See ECF 341 at pp-9-10; *United States v. Wadley,* 2022 W.L. 1011693 (3d. Cir. April 5, 2022) at *2.  And the admission of this testimony was the centerpiece of the Defendants' appeal. Petitioner here cites "plain error" in the admission of the testimony when the Court of Appeals has already found no error. To the extent that Mr. White's argument has to do with the length of time he participated in the conspiracy, as the Third Circuit recognized, the Government's evidentiary model accommodated for that by assigning a specific number of days to each participant, which in Mr. White's case was 240. *Id.* at *1, n.5.  In sum,

Petitioner's first ground for relief must fail, both because his counsel did in fact challenge the evidence, and because its admission was not error.

Mr. White next asserts that there was plain error in the sentence imposed because the Judgement of Sentence imposed a sentence of 6 years of supervised release for Count 1 of his conviction, when according to Petitioner the maximum sentence was capped by statute at 5 years. See ECF 402.  Mr. White bases this claim on an exchange between the Court and the prosecutor at sentencing, in which the assistant United States Attorney opined that, as a technical matter, because the convictions for Counts 8 and 9 merged, the lower five-year maximum provided by 21 U.S.C. § 841(b)(a)(A) then applied to Count 1.  ECF 411, p. 45.  The Probation Office disagreed with the Government's analysis, and in formulating the judgement of sentence I accepted Probation's view and imposed a term of six years of supervised release as to both Count 1 and Count 9.

Assuming that this was an error, and that the sentence as to Count 1 should have been capped at five years, the error is entirely harmless, because there is no question that a six-year term was permissible for Count 9, and the terms run concurrently.  No purpose would be served in conducting a resentencing that would not in any way change the period Mr. White will remain on supervised release.

Petitioner's motion will therefore be denied.  An appropriate order follows.


  /s/ Gerald Austin McHugh
United States District Judge