**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL ACTION NO. 17-208-6** |
| | **:** | |
| **REGINALD WHITE** | **:** | |

**McHUGH, J.**                                                                                             **April 9, 2026**

## MEMORANDUM

Mr. White is serving a sentence of 210 months' imprisonment following his conviction by a jury for a variety of drug offenses, a sentence well below the applicable Guideline range.  He moves for a reduction under 18 U.S.C. § 3582(c)(1)(A)(i), citing to USSG § 1B1.13(b)(5), colloquially referred to as the "catch-all" provision.  He argues that the Bureau of Prisons has unfairly refused to credit toward service of his sentence a period of 30 months that he was in custody before sentencing.

As a matter of procedure, I agree with the Government that this type of sentence adjustment is not the type of extraordinary circumstance contemplated by § 1B1.13(b)(5).  The proper remedy is to proceed pursuant to 28 U.S.C. § 2241, *see Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir. 2001), in the district where he is in custody, currently New Hampshire.  *Rumsfeld v. Padilla,* 542 U.S. 426, 447 (2004).

As a matter of substance, it appears that the refusal to give Mr. White credit stemmed from the constraints imposed by 18 U.S.C. § 3585(b), which prohibits the BOP giving credit toward a federal sentence based on time that was credited to another sentence, time which in this case was credited toward sentences imposed for state offenses. See PSR ¶¶ 61-63.

I am therefore obligated to deny his motion.

        /s/ Gerald Austin McHugh
United States District Judge